IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER L. MAXWELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | NO. 3:05-CV-0402-B |
| v. | § | |
| | § | JURY DEMANDED |
| JENKENS & GILCHRIST, P.C., | § | |
| | § | |
| *Defendant*. | § | |

---

**APPENDIX TO PLAINTIFF'S MOTION FOR AN ORDER DIRECTING
THE RETURN OF CERTAIN DOCUMENTS AND BRIEF IN SUPPORT**

---

Michael W. Shore
Texas State Bar No. 18294915
Alfonso Garcia Chan
Texas State Bar No. 24012408
Amy E. Blackwelder
Texas State Bar No. 24040529
Raj Krishnan
Texas State Bar No. 24035612
Sʜᴏʀᴇ Cʜᴀɴ LLP
325 North Saint Paul Street-Suite 4400
Dallas, Texas 75201
Tel. 214-743-4180
Fax 214-743-4179

# TABLE OF CONTENTS

Affidavit of Nicholas Creme ................................................................................. 1

Affidavit of Raj Krishnan ................................................................................. 3

Order on Motion for Return of Privileged Documents and Motion for
Emergency Hearing and/or Shortened Notice Period (July 22, 2005) ..................... 5

Order Pertaining to Forgent Documents (May 9, 2005) ........................................... 7

Order Pertaining to Forgent Documents (May 20, 2005) ......................................... 13

Letter from Raj Krishnan to David Scott dated May 18, 2005 ................................. 19

Letter from David Scott to Raj Krishnan dated May 19, 2005 ................................. 20

Letter from Richard Smith to Raj Krishnan dated May 24, 2005 ............................. 22

Letter from Raj Krishnan to Richard Smith dated June 3, 2005 ............................... 26

Letter from Richard Smith to Raj Krishnan dated June 6, 2005 ............................... 40

Jenkens & Gilchrist Supplement Privilege Log ....................................................... 41

Letter from Michael Shore to Stuart Reynolds dated July 11, 2005 ......................... 460

Letter from Michael Lynn to Michael Shore dated July 13, 2005 ............................ 578

Letter from Raj Krishnan to Richard Smith dated July 15, 2005 ............................. 580

Jenkens & Gilchrist's Motion for Return of Privileged Documents and Motion
for Emergency Hearing and/or Shortened Notice for Hearing ................................. 582

Declaratin of Raj K. Krishnan dated July 28, 2005 ................................................. 620

Dated July 28, 2005.                    Respectfully submitted,


                                        /s/ Raj K. Krishnan
                                        Michael W. Shore
                                        Texas State Bar No. 18294915
                                        Alfonso Garcia Chan
                                        Texas State Bar No. 24012408
                                        Amy E. Blackwelder
                                        Texas State Bar No. 24040529
                                        Raj Krishnan
                                        Texas State Bar No. 24035612
                                        SHORE CHAN LLP
                                        325 North Saint Paul Street-Suite 4400
                                        Dallas, Texas 75201
                                        Tel. 214-743-4180
                                        Fax 214-743-4179
                                        shore@shorechan.com
                                        achan@shorechan.com
                                        ablackwelder@shorechan.com
                                        rkrishnan@shorechan.com

                                        **ATTORNEYS FOR PLAINTIFF
                                        ROGER L. MAXWELL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the **APPENDIX TO PLAINTIFF'S MOTION FOR AN ORDER DIRECTING THE RETURN OF CERTAIN DOCUMENTS AND BRIEF IN SUPPORT** was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Paul E. Hash
David Scott
JACKSON LEWIS LLP
3811 Turtle Creek Boulevard-Suite 500
Dallas, Texas 75219
Tel. 214-520-2400
Fax 214-520-2008
scottd@jacksonlewis.com
hashp@jacksonlewis.com

| July 28, 2005 | /s/ Raj K. Krishnan |
|---|---|
| Date | Raj Krishnan |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROGER L. MAXWELL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **NO. 3:05-CV-0402-B** |
| **v.** | § | |
| | § | |
| **JENKENS & GILCHRIST, P.C.,** | § | |
| | § | |
| *Defendant.* | § | |

---

### AFFIDAVIT OF NICHOLAS CREME

---

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

BEFORE ME, the undersigned notary, on this day personally appeared NICHOLAS CREME, who being duly sworn by me, upon his oath stated as follows:

1.      My name is Nicholas Creme. I am a Senior Account Manager with Platinum Litigation Solutions ("PLS"). I am over the age of twenty-one, have not been convicted of a crime involving moral turpitude, and am not otherwise disqualified from making this affidavit. The following information, which is within my personal knowledge, is true and correct.

2.      PLS was hired by Roger Maxwell to image documents that we retrieved from the offices of Lynn Tillotson & Pinker, L.L.P. ("Lynn Tillotson"). I began retrieving documents from Lynn Tillotson on May 27, 2005.

3.      In the course of imaging these documents, PLS' electronic system generated a manifest (the "gap manifest") of all Bates numbered pages that were missing from the production, based

---

APPX00001

on the sequential numbering of the Bates labels.

4.      On June 7, 2005, I retrieved one box of documents from paralegal Carolyn Jones at Lynn

Tillotson, which were called the "gap documents." I have previously stated that I retrieved this

single box from Ms. Jones on June 8, 2005, but I later realized that I in fact retrieved the box on

the afternoon of June 7 and PLS began imaging the documents on the morning of June 8.

5.      Included in the single box that I picked up from Lynn Tillotson on June 7, 2005 were

documents bearing Bates Nos. JG 015243 – 015272, JG 015366 – 015459, and JG 015461 –

015465.

Further Affiant sayeth not.



_____

Nicholas Creme, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on July 28th, 2005.

_____

Notary Public, State of Texas

My Commission Expires: 11/1/08

MEREDITH ALEXANDER
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 11-1-2008

**AFFIDAVIT OF NICHOLAS CREME**                                    **PAGE 2 OF 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ROGER L. MAXWELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | NO. 3:05-CV-0402-B |
| v. | § | |
| | § | |
| JENKENS & GILCHRIST, P.C., | § | |
| | § | |
| *Defendant.* | § | |

---

### AFFIDAVIT OF RAJ K. KRISHNAN

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned notary, on this day personally appeared RAJ K. KRISHNAN, who being duly sworn by me, upon his oath stated as follows:

1.      My name is Raj K. Krishnan.  I am an attorney representing Roger L. Maxwell in this matter.  I am over the age of twenty-one, have not been convicted of a crime involving moral turpitude, and am not otherwise disqualified from making this affidavit.  The following information, which is within my personal knowledge, is true and correct.

2.      On May 25, 2005, several members of my staff and I began to review certain documents at the offices of Lynn Tillotson & Pinker, L.L.P.  The documents were the subject of this Court's May 9, 2005 Order Pertaining to Forgent Documents and had been listed on multiple privilege logs produced by Jenkens & Gilchrist.  The documents were compared to these logs to determine if all documents listed on the logs were in fact being produced.  A preliminary review indicated

---

APPX00003

that thousands of individual pages as well as entire documents were missing.  There were also numerous documents with illegible Bates numbers, due to one number being stamped on top of an existing number.  Additionally, several of the descriptions in the logs did not correspond to the Bates numbered documents that were inspected.

3.      Based upon this preliminary review, I realized that it would take several weeks to merely document that Jenkens & Gilchrist had not fully complied with the agreed protective order.

4.      Because of the numerous problems with the documents that Jenkens & Gilchrist produced, it has been necessary for four paralegals to invest hundreds of hours to attempt to correlate the documents to these logs.


Further Affiant sayeth not.

                                                    _____
                                                    Raj K. Krishnan, Affiant


SUBSCRIBED AND SWORN TO BEFORE ME on July _28_, 2005.

                                                    _____
                                                    Notary Public, State of Texas

                                                    My Commission Expires: _6/25/09_

ABBY GOLMAN
MY COMMISSION EXPIRES
June 25, 2009

APPX00004

NO. 04-05855-I

| | | |
|---|---|---|
| JENKENS & GILCHRIST,<br>A PROFESSIONAL CORPORATION<br>and L. STEVEN LESHIN | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs and Counter-Defendants, | §<br>§<br>§ | DALLAS COUNTY, TEXAS |
| v. | §<br>§ | |
| STUART D. DWORK | §<br>§ | |
| Defendant and Counter-Plaintiff. | § | 162nd JUDICIAL DISTRICT |

## ORDER ON MOTION FOR RETURN OF PRIVILEGED DOCUMENTS AND MOTION FOR EMERGENCY HEARING AND/OR SHORTENED NOTICE PERIOD

Before the Court is Jenkens & Gilchrist's Motion for Return of Privileged Documents and Motion for Emergency Hearing and/or Shortened Notice for Hearing. Having considered the motion, the evidence, the arguments of counsel, and all other matters properly before the Court, the Court is of the opinion that the Motion should be GRANTED.

Accordingly, the Court GRANTS, for good cause shown, the request for an emergency hearing and shortened notice period.

The Court ORDERS that counsel for Defendant Stuart D. Dwork are to return immediately to Jenkens and Gilchrist all copies of the documents bearing Bates numbers JG015243 through JG015272; JG015366 through JG015459; and JG015461 through JG015465 (the "Privileged Documents"), as well as all copies of the Privileged Documents in the possession, custody, or control of counsel, their client, and any person retained or engaged by them in connection with this case.

The Court ORDERS that counsel for Dwork are to delete, purge, and eliminate any and all electronic copies, summaries, and indexes of the Privileged Documents from any computers

APPX00005

or electronic media on which they may be contained, including any computers or electronic media in the possession, custody, or control of counsel, their client, and any persons retained or engaged by them in connection with this case.

The Court ORDERS that counsel for Dwork, their client, and any persons retained or engaged by them in connection with this case are to make no further use of any of the Privileged Documents, whether by reviewing the Privileged Documents, referring to summaries, or other work product or by incorporating the contents of any of them, in whole or in part, in any memorandums, correspondence, work product, court filings, or other documents.

The Court ORDERS counsel for Dwork, Mr. Dwork and Ms. Goldman to provide a written certification under oath and subject to perjury to the Court, within seven days of entry of this Order, that they retain none of the Privileged Documents, and that they have removed or destroyed any reference to or information obtained from the Privileged Documents in any work product or other documents in the possession, custody, or control of counsel, their client, and any persons retained or engaged by them in connection with this case and that they do not know of any other copies, whether in paper or electronic form that exist within the care, custody or control of Dwork or his counsel.

Finally, the Court ORDERS that counsel for Dwork are to pay Jenkens' reasonable and necessary attorney fees incurred in bringing the Motion for Return of Privileged Documents, in the amount of $_____.

SO ORDERED.

SIGNED the 22nd day of July, 2005.

_Lorraine A. Raggio_
JUDGE PRESIDING

**ORDER ON MOTION FOR RETURN OF PRIVILEGED DOCUMENTS**          **Page 2**
139224/01312-401



**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY – 9 2005

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | | |
|---|---|---|
| ROGER L. MAXWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-05-CV 042B |
| | § | 3:05 CV 402-B |
| JENKENS & GILCHRIST, P.C., | § | |
| | § | |
| Defendant | § | |

## ORDER PERTAINING TO FORGENT DOCUMENTS

ON THIS DAY CAME ON TO BE CONSIDERED the motion of nonparty witness

Forgent Networks, Inc., for itself and its wholly-owned subsidiary Compression Labs, Inc.

(collectively "Forgent"), for an order pertaining to documents Forgent asserts contain

"Confidential information," including privileged attorney-client communications, work product

and unprivileged client information, all as defined in Texas Rule of Professional Conduct

("DR") 1.05, Tex. R. Civ. P. 192.5 or Texas Rule of Evidence 503. "Forgent Documents" as

used in this Order means all documents relating to Forgent and described on any privilege log

(supplemental and/or amended) prepared in a case styled and captioned *Jenkens & Gilchrist, A*

*Professional Corporation, and L. Steven Leshin v. Stuart D. Dwork*, Cause No. 04-05855-I, in

the 162nd Judicial District Court of Dallas County, Texas. The parties are attorneys formerly

retained by Forgent in an attorney-client relationship. The Forgent Documents are related in

whole or in part to the parties' advising and representing Forgent. The parties have made

stipulations and representations of fact on which the Court relies in entering this order. Having

considered the stipulations, representations and all proceedings had in this case, the Court

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 1

makes the following findings of fact and conclusions of law and enters the following order to resolve these issues presently before the Court:

## FINDINGS OF FACT

1.      Forgent hired Jenkens & Gilchrist, A Professional Corporation ("J&G"), to represent it, *inter alia*, in connection with enforcement or licensing of any one or more of U.S. Patent No. 4,698,672; any foreign counterpart of U.S. Patent No. 4,698,672; U.S. Patent No. 6,181,784; and U.S. Patent No. 6,285,746, which is a continuation of U.S. Patent No. 6,181,784 (the "672 Proceedings").

2.      Attorneys L. Steven Leshin, Stuart D. Dwork and Roger L. Maxwell, along with other attorneys and employees of J&G not specifically named in this order, worked on the 672 Proceedings.

3.      On or about February 29, 2004, Mr. Dwork left the employ of J&G and on or about June 16, 2004, Mr. Maxwell's status as a shareholder with J&G ceased.

4.      On or about October 27, 2004, Forgent terminated its relationship with J&G and Forgent thereafter engaged other counsel to represent it, including in the 672 Proceedings.

5.      The parties are not adverse to Forgent in this case.  Forgent, a nonparty in this case, has no financial interest in the outcome but it possesses an interest in protecting the Forgent Documents from unauthorized disclosure to third parties.

6.      Neither the parties nor their attorneys currently represent any person or entity adverse to Forgent in the 672 Proceedings or in any other matter substantially related to the 672 Proceedings.  The parties share a common obligation to Forgent not to disclose Forgent Documents to third parties, except as permitted by DR 1.05, and will conduct this case without unauthorized disclosure to third parties, in the 672 Proceedings and otherwise.

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 2

APPX00008

7.      Each party is in possession of or has access to some or all Forgent Documents. All parties represent that Forgent Documents have not been disclosed by them or their representatives, except as permitted by DR 1.05, while they were Forgent's attorneys or since each of them became a former attorney of Forgent.

8.      Forgent has agreed to permit its attorneys, the parties and their lawyers (all of whom are lawyers and who, together with the members, associates or employees of the lawyers' law firms, are hereinafter referred to as "Lawyers"), to have access to Forgent Documents for assistance with privilege issues and to protect against unauthorized disclosure of Forgent Documents to third parties, in the 672 Proceedings or otherwise.

## CONCLUSIONS OF LAW

1.      The parties and their Lawyers are obligated under the Texas Rules of Professional Conduct, the Texas Rules of Evidence, the Texas Rules of Civil Procedure and common law fiduciary duties not to disclose or use Forgent Documents to the extent such documents constitute "confidential information" as defined in DR 1.05 and except as permitted by DR 1.05.

2.      This Order permits access to Forgent Documents only to those persons subject to the attorney-client relationship with Forgent during the creation of the Forgent Documents, or their Lawyers.    Absent agreement or further court order, all Forgent Documents are presumed to contain "confidential information" as defined in DR 1.05.

3.      This Order is based, *inter alia*, on *In re George*, 28 S.W. 3d 511 (Tex. 2000); *In re Meador*, 968 S.W.2d 346 (Tex. 1998); *Maryland American Gen. Ins. Co. v Blackmon*, 639 S.W.2d 455 (Tex. 1982); *West v. Solito*, 563 S.W. 2d 240 (Tex. 1978); *Ex Parte Hanlon*, 406 S.W.2d 204 (Tex. 1966); *In re Marketing Investors Corp.*, 80 S.W.3d 44 (Tex. App. – Dallas 1998); *Petroleum Wholesale, Inc. v. Marshall*, 751 S.W. 2d 295 (Tex.-App. – Dallas 1988),

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 3

*United States v. Richard Roe, Inc. (In re Richard Roe, Inc.)*, 168 F. 3d 69 ( 2d Cir. 1999); *U.S. v. Massachusetts Institute of Technology*, 129 F.3d 681 (1st Cir. 1997); the Texas Rules of Civil Procedure; the Texas Rules of Evidence and the Texas Rules of Professional Conduct.

4.   To the extent necessary to give full force and effect to this Order, findings of fact may be deemed conclusions of law and conclusions of law may be deemed findings of fact.

Based on the foregoing, it is now hereby

**ORDERED** that

1.   Forgent Documents in existence on or before June 16, 2004 (hereinafter the "Covered Documents") shall be made available for inspection within ten (10) days of the date of this Order.

2.   The Covered Documents may be reviewed only by parties or Forgent, or their Lawyers. Review shall be conducted at reasonable times, dates and places to be agreed by counsel.

3.   Copies only of Covered Documents deemed by the requesting party to be material and essential may be made and removed from their location, at the expense of the requesting party, on condition that the party requesting and receiving copies ensures that the only persons with access are parties, Forgent or their Lawyers.

4.   Absent written agreement by Forgent, or a court order, the Covered Documents may be used by parties and Lawyers only to prepare, to take, or to defend depositions of parties, former J & G attorneys or employees who were subject to the attorney-client relationship with Forgent, or Forgent. In any permitted use, any portions of deposition transcripts or exhibits which would disclose the contents of Covered Documents shall be

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 4

APPX00010

marked **"Confidential-Subject to Court Order,"** and may be disclosed only to parties, Forgent or their Lawyers.

5.    Absent written agreement by Forgent, or a court order, no other use or disclosure of Covered Documents shall be permitted. In any motions or pleadings referencing Forgent Documents, including Covered Documents, the parties shall submit the documents themselves in camera and shall submit statements or arguments under seal to the extent necessary not to disclose the content of Forgent Documents and, if and as necessary, shall comply with any applicable rules pertaining to requests to seal the record.

6.    The Court retains jurisdiction to enforce this Order or to modify it for good cause shown.

SIGNED this 9th day of Ma, 2005

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM:

JACKSON LEWIS, LLP
3811 Turtle Creek, Suite 500
Dallas, Texas 75219
(214) 520-2400 (Telephone)
(214) 520-2008 (Fax)

By: _____
     David A. Scott

ATTORNEYS FOR JENKENS & GILCHRIST,
A PROFESSIONAL CORPORATION

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 5

AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Fax)


By: _____
    Michael W. Shore

ATTORNEYS FOR ROGER L. MAXWELL


WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street, Suite 5400
Dallas, Texas 75270
(214) 745-5400 (Telephone)
(214) 745-5390 (Fax)


By: _____
    Stuart M. Reynolds, Jr.

ATTORNEYS FOR FORGENT NETWORKS, INC.


Dallas_1\4154997\1
38715-1 5/2/2005


ORDER PERTAINING TO FORGENT DOCUMENTS – Page 6

_32 7_

NO. 04-05855-I

| | | |
|---|---|---|
| JENKENS & GILCHRIST, | § | IN THE DISTRICT COURT OF |
| A PROFESSIONAL CORPORATION, | § | |
| And L. STEVEN LESHIN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| STUART D. DWORK | § | |
| | § | |
| Defendant and Counterclaimant, | § | 162ND JUDICIAL DISTRICT |

## ORDER PERTAINING TO FORGENT DOCUMENTS

 _E31_

ON THIS DAY CAME ON TO BE CONSIDERED the motion of nonparty witness Forgent Networks, Inc., for itself and its wholly-owned subsidiary Compression Labs, Inc. (collectively "Forgent"), for a protective order. Before the Court for resolution are party requests for production and a subpoena to Forgent for production of documents Forgent asserts contain "Confidential information," including privileged attorney-client communications, work product and unprivileged client information, all as defined in Texas Rule of Professional Conduct ("DR") 1.05, Tex. R. Civ. P. 192.5 or Texas Rule of Evidence 503, and objections and motions for protection with respect thereto. "Forgent Documents" as used in this Order means all documents relating to Forgent and described on any privilege log (supplemental and/or amended) prepared in this case. The parties are attorneys formerly retained by Forgent in an attorney-client relationship. The Forgent Documents are related in whole or in part to the parties' advising and representing Forgent. The parties have presented evidence to the Court and have made stipulations and representations of fact on which the Court relies in entering this order. Having considered the evidence, stipulations, representations and all proceedings

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 1

APPX00013

had in this case, the Court makes the following findings of fact and conclusions of law and enters the following order to resolve these issues presently before the Court:

## FINDINGS OF FACT

1.      Forgent hired Jenkens & Gilchrist, A Professional Corporation ("J&G"), to represent it, *inter alia*, in connection with enforcement or licensing of any one or more of U.S. Patent No. 4,698,672; any foreign counterpart of U.S. Patent No. 4,698,672; U.S. Patent No. 6,181,784; and U.S. Patent No. 6,285,746, which is a continuation of U.S. Patent No. 6,181,784 (the "672 Proceedings").

2.      Attorneys L. Steven Leshin, Stuart D. Dwork and Roger L. Maxwell, along with other attorneys and employees of J&G not specifically named in this order, worked on the 672 Proceedings.

3.      On or about February 29, 2004, Mr. Dwork left the employ of J&G and on or about June 16, 2004, Mr. Maxwell's status as a shareholder with J&G ceased.

4.      On or about October 27, 2004, Forgent terminated its relationship with J&G and Forgent thereafter engaged other counsel to represent it, including in the 672 Proceedings.

5.      The parties are not adverse to Forgent in this case. Forgent, a nonparty in this case, has no financial interest in the outcome but it possesses an interest in protecting the Forgent Documents from unauthorized disclosure to third parties.

6.      Neither the parties nor their attorneys currently represent any person or entity adverse to Forgent in the 672 Proceedings or in any other matter substantially related to the 672 Proceedings. The parties share a common obligation to Forgent not to disclose Forgent Documents to third parties, except as permitted by DR 1.05, and will conduct this case without unauthorized disclosure to third parties, in the 672 Proceedings and otherwise.

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 2

7.    Each party is in possession of or has access to some or all Forgent Documents. All parties represent that Forgent Documents have not been disclosed by them or their representatives, except as permitted by DR 1.05, while they were Forgent's attorneys or since each of them became a former attorney of Forgent.

8.    Forgent has agreed to permit its attorneys, the parties and their lawyers (all of whom are lawyers and who, together with the members, associates or employees of the lawyers' law firms, are hereinafter referred to as "Lawyers"), to have access to Forgent Documents for assistance with privilege issues and to protect against unauthorized disclosure of Forgent Documents to third parties, in the 672 Proceedings or otherwise.

## CONCLUSIONS OF LAW

1.    The parties and their Lawyers are obligated under the Texas Rules of Professional Conduct, the Texas Rules of Evidence, the Texas Rules of Civil Procedure and common law fiduciary duties not to disclose or use Forgent Documents to the extent such documents constitute "confidential information" as defined in DR 1.05 and except as permitted by DR 1.05.

2.    This Order permits access to Forgent Documents only to those persons subject to the attorney-client relationship with Forgent during the creation of the Forgent Documents, or their Lawyers. Absent agreement or further court order, all Forgent Documents are presumed to contain "confidential information" as defined in DR 1.05.

3.    This Order is based, *inter alia*, on *In re George*, 28 S.W. 3d 511 (Tex. 2000); *In re Meador*, 968 S.W.2d 346 (Tex. 1998); *Maryland American Gen. Ins. Co. v Blackmon*, 639 S.W.2d 455 (Tex. 1982); *West v. Solito*, 563 S.W. 2d 240 (Tex. 1978); *Ex Parte Hanlon*, 406 S.W.2d 204 (Tex. 1966); *In re Marketing Investors Corp.*, 80 S.W.3d 44 (Tex. App. – Dallas 1998); *Petroleum Wholesale, Inc. v. Marshall*, 751 S.W. 2d 295 (Tex.-App. – Dallas 1988),

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 3

*United States v. Richard Roe, Inc. (In re Richard Roe, Inc.)*, 168 F. 3d 69 ( 2d Cir. 1999); *U.S. v. Massachusetts Institute of Technology*, 129 F.3d 681 (1st Cir. 1997); the Texas Rules of Civil Procedure; the Texas Rules of Evidence and the Texas Rules of Professional Conduct.

4.     To the extent necessary to give full force and effect to this Order, findings of fact may be deemed conclusions of law and conclusions of law may be deemed findings of fact.

Based on the foregoing, it is now hereby

**ORDERED** that

1.     Forgent Documents in existence on or before June 16, 2004 (hereinafter the "Covered Documents") shall be made available for inspection within ten (10) days of the date of this Order.

2.     The Covered Documents may be reviewed only by parties or Forgent, or their Lawyers.  Review shall be conducted at reasonable times, dates and places to be agreed by counsel.  No disclosure may be made to persons not subject to this Order.

3.     Copies only of Covered Documents deemed by the requesting party to be material and essential may be made and removed from their location, at the expense of the requesting party, on condition that the party requesting and receiving copies ensures that the only persons with access are parties, Forgent or their Lawyers.

4.     Absent written agreement by Forgent, or a court order, the Covered Documents may be used by parties and Lawyers only to prepare, to take, or to defend depositions of parties, former J & G attorneys or employees who were subject to the attorney-client relationship with Forgent, or Forgent.  In any permitted use, any portions of deposition transcripts or exhibits which would disclose the contents of Covered Documents shall be

APPX00016

marked **"Confidential-Subject to Court Order,"** and may be disclosed only to parties, Forgent or their Lawyers.

5.      Absent written agreement by Forgent, or a court order, no other use or disclosure of Covered Documents shall be permitted. In any motions or pleadings referencing Forgent Documents, including Covered Documents, the parties shall submit the documents themselves in camera and shall submit statements or arguments under seal to the extent necessary not to disclose the content of Forgent Documents and, if and as necessary, shall comply with Tex. R. Civ. P. 76a.

6.      The previous Protective Order signed October 8, 2004 continues to govern proceedings in the case to the extent consistent with this Order. In the event of any conflict, this Order shall control.

7.      The Court retains jurisdiction to enforce this Order or to modify it for good cause shown.

SIGNED this 20th day of May 2005

_____
JUDGE PRESIDING

AGREED AS TO FORM:

LYNN, TILLOTSON & PINKER, L.L.P.
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Fax)

By: _____
     Richard A. Smith

ATTORNEYS FOR JENKENS & GILCHRIST,
A PROFESSIONAL CORPORATION

ORDER PERTAINING TO FORGENT DOCUMENTS – Page 5

APPX00017

SAYLES WERBNER, P.C.
4400 Renaissance Tower
1201 Elm Street, Suite 4400
Dallas, Texas  75270
(214) 939-8714 (Telephone)
(214) 939-8787 (Fax)


By: _____
   Will S. Snyder

ATTORNEYS FOR L. STEVEN LESHIN


AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Fax)




_____
Michael W. Shore

ATTORNEYS FOR STUART D. DWORK


WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street, Suite 5400
Dallas, Texas  75270
(214) 745-5400 (Telephone)
(214) 745-5390 (Fax)


By: _____
   Stuart M. Reynolds, Jr.

ATTORNEYS FOR FORGENT NETWORKS, INC.


Dallas_1\4112977\2
38715-1 5/2/2005


ORDER PERTAINING TO FORGENT DOCUMENTS – Page 6

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
■■■■■■■■ Attorneys at Law

**RAJ KRISHNAN**
214.969.2843
rkrishnan@akingump.com

May 18, 2005

VIA FACSIMILE

David A. Scott, Esq.
Jackson Lewis, LLP
3811 Turtle Creek, Suite 500
Dallas, Texas 75219
(214) 520-2008 (fax)

Re:  *Roger L. Maxwell v. Jenkens & Gilchrist, P.C.*, No. 3:05 CV 402-B (N.D. Tex.)

Dear David:

As you know, on May 9, 2005, the Court in the referenced case ordered that "Forgent Documents in existence on or before June 16, 2004 shall be made available for inspection within ten (10) days of the date of this Order." As defined by the Court's Order, "Forgent Documents" "means all documents relating to Forgent and described on any privilege log (supplemental and/or amended) prepared in a case styled and captioned *Jenkens & Gilchrist, A Professional Corporation, and L. Steven Leshin v. Stuart D. Dwork*; Cause No. 04-05855-I, in the 162nd Judicial District Court of Dallas County, Texas." As tomorrow is the end of the Court's deadline, please inform me of a time this week that we can begin inspection of the documents.

Sincerely,

Raj K. Krishnan

Enclosure

cc:    Michael W. Shore
       Stuart M. Reynolds

APPX00019



**jackson | lewis**
Attorneys at Law

| | | | |
|---|---|---|---|
| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| 3811 Turtle Creek Boulevard | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| Suite 500 | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| Dallas, Texas 75219 | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| Tel 214 520-2400 | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| Fax 214 520-2008 | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | |

May 19, 2005

*Via Facsimile:*
Raj K. Krishnan
Akin Gump Strauss Hauer & Feld
1700 Pacific Avenue
Suite 4100
Dallas, Texas 75201

                 Re:    *Roger L. Maxwell v. Jenkens &*
                         *Gilchrist, P.C.*
                         United States District Court,
                         Northern District of Texas

Dear Mr. Krishnan:

      We received your May 18, 2005 letter regarding inspection of Forgent documents. Please contact Richard Smith with the Lynn Tillotson firm to arrange inspection of those documents.

                   Sincerely,

                   JACKSON LEWIS LLP

                   David A. Scott

DAS:blk

cc:
*Via Facsimile*
Richard Smith, Esq.
Stuart Reynolds, Esq.

H:\J\Jenkens & Gilchrist\78180 - Maxwell\Corr\Krishnan 050519 DAS.doc

05/19/2005   18:22   2145202677   JACKSON LEWIS LLP   PAGE   01/02



**jackson | lewis**
Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| 3811 Turtle Creek Boulevard | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| Suite 500 | CHICAGO, Il. | MINNEAPOLIS, MN | SEATTLE, WA |
| Dallas, Texas 75219 | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| Tel 214 520-2400 | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC |
| Fax 214 520-2008 | HARTFORD, CT | ORLANDO, Fl. | WHITE PLAINS, NY |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | |

EMAIL ADDRESS: SCOTTD@JACKSONLEWIS.COM

# FAX

| To: | Raj Krishnan |
|---|---|
| Company: | Akin Gump Strauss Hauer & Feld, LLP |
| Fax: | 214-969-4343                     Tel #: |
| From: | David A. Scott |
| Sender: | Brandy Kyle |
| Subject: | Maxwell vs. Jenkens & Gilchrist, P.C. |
| Date: | March 19, 2005 |
| Client/Matter #: | 78180 |
| Pages: | 2 |
| Original: | _____ Will Follow   __X__ Will Not Follow |

**MESSAGE:**

---

**Please contact Brandy Kyle if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

APPX00021

# LYNN TILLOTSON & PINKER, L.L.P.
### ATTORNEYS AND COUNSELORS

Richard A. Smith
Direct Dial (214) 981-3824
rsmith@lynnllp.com

750 NORTH ST. PAUL STREET
SUITE 1400
DALLAS, TEXAS 75201

Telephone: (214) 981-3800
Telecopier: (214) 981-3839

May 24, 2005

**VIA FACSIMILE**
Raj K. Krishnan
AKIN, GUMP, STRAUSS, HAUER & FELD
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675

Re:    *Jenkens & Gilchrist, P.C. and L. Steven Leshin v.*
       *Stuart D. Dwork and Robert Maxwell*
       Cause No. 04-05855-I; 162nd Judicial District, Dallas County, Texas

Dear Raj:

We have consulted with counsel for Forgent and our client regarding your request to copy all of the Forgent-related documents on Jenkens & Gilchrist's privilege logs. We will agree to allow the removal and copying of these documents. We will arrange for their copying and delivery to your office by the service of your choice, at your expense. Please let me or our paralegal, Carol Jones, know which copying service you prefer to use.

Please be aware that, as Forgent's protective order only authorized your copying and removal of documents that you deemed material and essential to your case, we had not anticipated your demand to copy all of the Forgent-related documents. Thus, many of these documents were not labeled "Confidential" pursuant to the parties' own protective order. Additional time will be needed to accomplish that process. Those documents that are already marked "Confidential" can be sent out for copying as soon as you tell us which service you prefer to use.

If you have any questions or comments, please do not hesitate to call me.

Sincerely,

Richard A. Smith

RAS/cj

cc:    **VIA FACSIMILE**
       Michael Snore
       Stuart Reynolds
       Will S. Snyder
       David Scott

129666v.1

APPX00022

# LYNN TILLOTSON & PINKER, L.L.P.

ATTORNEYS AND COUNSELORS

750 NORTH ST. PAUL STREET, SUITE 1400
DALLAS, TEXAS 75201
Telephone (214) 981-3800
Telecopy (214) 981-3839

## TELECOPIER TRANSMISSION SHEET

**Date:**        5/24/2005

|  |  |  |
|---|---|---|
| | Raj K. Krishnan ........................................ | **(214) 969-4343** |
| | Will S. Snyder .......................................... | **(214) 939-8787** |
| | Michael Shore........................................... | **(214) 743-4179** |
| **To:** | Stuart M. Reynolds, Jr. ........................... | **(214) 745-5309** |
| | David Scott .............................................. | **(214) 520-2008** |

**From:**        Richard A. Smith

**Client No.:**        01312-401

| TOTAL NUMBER OF PAGES, INCLUDING COVER SHEET: | 2 |
|---|---|

**SPECIAL INSTRUCTIONS/MESSAGE:**

Please see the attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL, INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

APPX00024

APPX00025

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

———————— Attorneys at Law

Raj Krishnan
(214) 969-2843/Fax: (214) 969-4343
rkrishnan@akingump.com

June 3, 2005

VIA FACSIMILE

Richard A. Smith, Esq.
Lynn Tillotson & Pinker, LLP
750 North St. Paul Street, Suite 1400
Dallas, TX 75201

Re:  *Jenkens & Gilchrist, P.C. and L. Steven Leshin v. Stuart D. Dwork and Roger L. Maxwell*
(Cause No. 04-05855-I, in the 162nd District Court, Dallas County, TX)

Dear Richard:

Attached is a list of the missing pages from the eight boxes of documents that we retrieved from your office on May 26, which were Bates labeled JG000001 to JG015213. As you can see, there are a total of 2,176 missing pages. Please provide me with a time next week that you can make the missing pages available so that I can arrange for the copy service to pick them up.

Sincerely,

Raj Krishnan

RK/ajg
attach.
Doc# 5742628

cc:  Stuart M. Reynolds
William S. Snyder
Michael W. Shore

APPX00026